In the Matter of JORDAN P., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DONNA C., Appellant. (Proceeding No. 1.) In the Matter of XAVIER P., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DONNA C., Appellant. (Proceeding No. 2.) [809 NYS2d 579]—

In two related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from a fact-finding order of the Family Court, Queens County (Richardson-Thomas, J.), dated March 26, 2004, which, after a hearing, found that she neglected the subject children.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, and the proceeding is dismissed.

In a child protective proceeding, the party seeking to establish neglect must show, "first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent

or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *see* Family Ct Act § 1012 [f]). Here, the Administration for Children's Services, as the petitioner, had the burden of proving neglect by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). It failed to satisfy that burden.

The petitioner's contention that the children were homeless and lived in an uninhabitable, burned-down house with no running water or electricity, was based on little more than speculation. While the house in question at one time had been the family's home, one of the petitioner's witnesses, Tony Wheeler, described it as "abandoned," and no competent evidence was offered to establish that the children were in fact living there. To the contrary, the mother testified that the house had been damaged by fire in 1997, and that, since then, only a watchdog remained on the premises to keep out squatters. The mother also testified that, during the relevant time period, she and the children lived at her parents' home in Ozone Park, a fact corroborated by the 2002-2003 school records of her son, Jordan P.

One of the petitioner's witnesses, Anna Pulizzi, testified that she observed the children at the Queens Borough Public Library, where they occasionally went after school. While Pulizzi expressed some concern regarding the children's unkempt appearance and apparent lack of personal hygiene, she testified that the children were articulate and intelligent, attended school regularly, and did not appear in any way to be malnourished or maltreated.

On this record, we agree with the mother and the Law Guardian that the Family Court's finding of neglect is not supported by the evidence and must therefore be reversed (*see Matter of Suffolk County Dept. of Social Servs. v Diane J.*, 222 AD2d 439 [1995]). Adams, J.P., Skelos, Fisher and Lunn, JJ., concur.